UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| UNITED STATES OF AMERICA, | No. 2:07-cr-00248-19 WBS |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| MANUEL GAUNA, | |
| Defendant. | |

----oo0oo----

Defendant Manuel Gauna has filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1).  (Docket No. 1654.)[1]

The court recognizes that defendant is overweight and is housed at FCI Big Spring, which has had numerous inmates test positive for the coronavirus, including defendant.  Nevertheless, defendant is only 53 years old, and it appears that the Bureau of

---

[1] The government agrees that defendant exhausted his administrative remedies by submitting a request for compassionate release to the his warden on July 26, 2020.

1

Prisons has been able to sufficiently treat his medical conditions, including his diagnosis of COVID-19.

Moreover, the defendant has made no showing that he would receive any better care outside of the Bureau of Prisons or that he would be better able to get a COVID-19 vaccination outside of federal custody than he would be in custody. Overall, defendant has not shown that his obesity and the COVID-19 pandemic qualify as extraordinary and compelling reasons for release under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13. See, e.g., United States v. Williams, No. 2:13-cr-383 TLN, 2020 WL 3402439, *2 (E.D. Cal. June 19, 2020) (defendant's confinement at FCI Lompoc and diagnosis of hypertension along with other medical history and prevalence of COVID-19, was insufficient to show extraordinary circumstances under 18 U.S.C. § 3582(c)(1)(A)).

The court also recognizes defendant's desire to care for his adult siblings and grandson. Lower courts are split on whether the need to care for family members aside from minor children or spouses is an extraordinary and compelling circumstance allowing for compassionate release. See, e.g., United States v. Ledezma-Rodriguez, No. 3:00-CR-00071, 2020 WL 3971517, at *7 (S.D. Iowa July 14, 2020) (noting disagreement among courts and finding that the need to care for a parent could be sufficient in some circumstances); United States v. Kesoyan, No. 2:15-cr-236-JAM, 2020 WL 2039028, at *6 (E.D. Cal. Apr. 28, 2020) (need to care for developmentally disabled adult child constituted extraordinary and compelling circumstance); United States v. Reyes, No. 04 CR 970, 2020 WL 1663129, at *3 (N.D. Ill.

Apr. 3, 2020) (need to care for aunt contributed to a finding of extraordinary and compelling circumstances). But see United States v. Goldberg, No. CR 12-180 (BAH), 2020 WL 1853298, at *4 (D.D.C. Apr. 13, 2020) ("While certainly admirable, a desire to help care for one's elderly parents does not qualify as an 'extraordinary and compelling reason' for release under U.S.S.G. § 1B1.13, nor, therefore, under 18 U.S.C. § 3582(c)(1)(A)(i)."); United States v. Ingram, No. 2:14-cr-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) (need to care for 93-year old mother in hospice was not an extraordinary and compelling reason for compassionate release as "many, if not all inmates, have aging and sick parents").

The court is persuaded by the district court's determination in Goldberg, 2020 WL 1853298, at *4.  There, the court explained that the Sentencing Commission's policy statement specifically allows for sentencing reductions based on the need to care for the defendant's minor children, spouse, or registered partner.  Conspicuously absent from this list is the need to care for defendants' adult siblings or grandchildren, notwithstanding the frequency with which adults act as caregivers for those aside from their spouse or minor children.[2]

The court also recognizes defendant's contention that he would not be subject to a 20-year mandatory minimum sentence if he had been sentenced today.  Once again, the court doubts whether this is a permissible factor to consider under the

---

[2] Moreover, defendant concedes that he has at least two family members that care for his grandson, and it is not clear to the court that defendant's adult siblings are "incapacitated," as required by Application Note 1(C) of U.S.S.G. § 1B1.13.

1 Sentencing Commission's policy statements.  More importantly,
2 defendant concedes that his sentencing range under the Guidelines
3 would be 210-262 months.  The court will not speculate as to how
4 it would sentence the defendant under current law.  Nevertheless,
5 in the court's view, a change in the law eliminating or reducing
6 the mandatory minimum sentence[3] does not qualify as an
7 extraordinary and compelling circumstance where the actual
8 sentence received (240 months)[4] is squarely in the middle of the
9 purported new Guidelines range even with that change in the law.
10         Even assuming the court may consider factors not
11 included in the Sentencing Commission's policy statements, see,
12 e.g., United States v. Brooker, 976 F.3d 228, 236-38 (2d Cir.
13 2020), the court does not find that defendant merits
14 compassionate release, given his extensive participation in a
15 large-scale drug conspiracy over three years.  Given the severity
16 of his crimes in this case, as well as his prior criminal
17 history, defendant has not shown that he is not a danger to
18 society.  See U.S.S.G. § 1B1.13(2) (to be eligible for
19 compassionate release, defendant must demonstrate that he is "not
20 a danger to the safety of any other person or to the community");
21 United States v. Richardson, No. 2:16-cr-69 TLN, 2020 WL 5203430,
22 at *2 (E.D. Cal. Sept. 1, 2020) (citing § 1B1.13(2)).

---

[3] The court assumes for the purposes of this motion that defendant would not be subject to the mandatory minimum sentence if he was sentenced today under current law.

[4] Defendant originally received a sentence of 262 months, though this sentence was reduced to the 20-year mandatory minimum sentence under Amendment 782, pursuant to the stipulation of the parties.

Accordingly, the motion will be denied.

IT IS THEREFORE ORDERED that defendant's motion for compassionate release (Docket No. 1654), be, and the same hereby is, DENIED.

Dated: January 12, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE